# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | )<br>)<br>) |
| and | )<br>) |
| THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| COTTAGE SHEET METAL, LLC | )<br>) |
| An Illinois Limited Liability Company, | )<br>) |
| Defendant. | ) |

Case No.

Assigned Judge:

Designated Magistrate Judge:

## **COMPLAINT**

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter **"Plaintiff Union"**) and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively **"Plaintiff Funds"**) by their attorneys, Gregory W. Hosé and Grant R. Piechocinski of Gregorio & Marco, Ltd., complain against Cottage Sheet Metal, LLC ("**Defendant Company**"), and allege as follows:

1. The Plaintiff Funds are multi-employer plans as defined under 29 U.S.C. § 1002. Plaintiff Funds' principal offices are located at 4530 Roosevelt Road, Hillside, Illinois 60162 within the Northern District of Illinois.

2. The Plaintiff Union is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(5), (6) and (7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. §185. Its principal offices are located at 4550 Roosevelt Road, Hillside, Illinois 60162 within the Northern District of Illinois.

3. The Defendant Company is an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185(a). Its principal office is located at 6640 W. 99th Street, Chicago Ridge, Illinois which is within the Northern District of Illinois.

4. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

5. The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union, and therefore, are multi-employer plans. (29 U.S.C. §1002).

6. On November 7, 1983 Defendant entered into an Agreement with the Plaintiff Union **(Exhibit A)** whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

7. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Plaintiff Funds ("Trust Agreements").

8. The Defendant is required to make contributions to the Plaintiff Funds for each hour worked by its Sheet Metal employees and/or Local 73 members at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements.

9. The Defendant breached the provisions of the Collective Bargaining Agreement by failing to pay all of the required fringe benefit contributions and deductions for the period of January 1, 2015 through December 31, 2017 as evidenced by a fringe benefit compliance audit.

10. Defendant has also breached the collective bargaining agreement by failing to timely submit monthly fringe benefit contribution reports.

11. By failing to timely submit monthly reports, Defendant owes assessments on the contributions pursuant to the Collective Bargaining Agreement and/or Trust Agreements

12. Plaintiffs have been required to employ the undersigned attorneys to compel the Defendant's to comply with its contractual obligations.

13. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2).

14. According to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2), Defendant is also obligated to pay any fringe benefit contributions, as well as liquidated damages and interest.

15. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    a. Double interest on the unpaid contributions; or

    b. Interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

A. That judgment be entered against Defendant for the amounts shown to be owed on the fringe benefit compliance audit for the period of January 1, 2015 through December 31, 2017;

B. That the Defendant be ordered to pay the attorney fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay liquidated damages and interest or double interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

                Respectfully Submitted

                SHEET METAL WORKERS LOCAL NO. 73, et al.

                BY:    /s/ Grant R. Piechocinski
                          One of Their Attorneys

Gregory W. Hosé
Grant R. Piechocinski
Gregorio & Marco, Ltd.
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343
ghose@gregoriolaw.com
gpiechocinski@gregoriolaw.com